UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:

                                            Chapter 11

KUM GANG INC.,
Debtor.                                    Case No.: 19-46432-cec
------------------------------------------------------------X
STATE OF NEW YORK   )
COUNTY OF                 )

JEREMY M. POLAND, ESQ., hereby declares the truth of the following under 28 USC §1746, under penalty of perjury:

1.     I am an associate of the firm of Horing Welikson Rosen & Digrugilliers P.C., attorneys for Kit Realty Inc. (the "Owner" and/or "Movant"), the owner of 138-18/38 Northern Boulevard, Flushing, NY 11354 (the "Premises") and hereby appear in this case on behalf of the Owner. As such, I am fully familiar with the prior pleadings and proceedings herein. I make this Declaration in support of the Owner's motion for an order vacating or modifying the automatic stay under 11 U.S.C. §362 on the grounds that the Owner is not adequately protected, and the Premises is not necessary to any reorganization by the Debtor A proceeding was commenced in state landlord/tenant court based upon the Debtor's failure to cure open violations issued by the City of New York. Annexed hereto as Exhibit "B" is a copy of the Notice of Petition and Petition. The Debtor, through counsel, interposed an answer and the matter proceeded to trial. The Debtor has claimed that the violations were cured, but have not provided proof that the fines and penalties were paid and payment of the fines and penalties is required under the lease.

2.     During the pendency of that proceeding the Debtor filed a prior Chapter 11 proceeding under case no.: 18-43997-cec. In that proceeding the Movant filed a motion to

vacate the automatic stay and the court issued a conditional order, dated October 5, 2018, requiring the payment of post-petition use and occupancy. A copy of said order is annexed hereto as Exhibit "C."

3. The movant thereafter filed a second motion to vacate the automatic stay and deem the lease rejected. Pursuant to this Court's order dated February 19, 2019, that motion was granted. A copy of said order is annexed hereto as Exhibit "D." Thereafter, the Movant returned to state court to continue the trial that had previously commenced. On September 3, 2019, the state court found in favor of the Movant against the Debtor and entered a judgment of possession and ordered the issuance of a warrant of eviction.

4. On or about October 15, 2019, the warrant of eviction was issued and eviction was scheduled for October 28, 2019. On October 25, 2019, the Debtor filed the instant proceeding.

5. In the interim the Debtor entered into a stipulation of dismissal of the prior proceeding, dated August 12, 2019 (a copy is annexed hereto as Exhibit "E"), wherein Debtor claimed that it would be unable to confirm a plan for reorganization. The proceeding was dismissed pursuant to a Notice of Dismissal dated August 13, 2019 (a copy is annexed hereto as Exhibit "F").

6. Now on the eve of eviction the Debtor files yet another bankruptcy proceeding to delay the Movant from moving forward with reclaiming property legally belonging to it. This is a stall and delay tactic.

7. In addition, as set forth in the Movant's Declaration, the Debtor currently owes $1,536,828.68 (see copy of rent ledger annexed hereto as Exhibit "G") in rent and additional rent

through October 31, 2019. By the time this motion is heard there will be even additional losses to the Movant.

8.  Once the warrant of eviction was issued the lease was terminated and the landlord tenant relationship between the Owner and the debtor ceased to exist. <u>Bell v. Alden</u>, 199 B.R. 451, 458 (S.D.N.Y. 1996).

9.  The Debtor has no equity in the Premises the Premises are of no consequence to any re-organization as there is no lease based upon the issuance of the warrant of eviction and this Court's ruling in the prior proceeding deeming the lease rejected. Simply put the Debtor has no rights to the Premises and cannot claim the use of it in any re-organization plan.

10.  As this Court is aware, the Debtor was discharged from a prior Chapter 11 bankruptcy under Case No.: 15-42018-cec in October 2017, we are now back before this Court for the second time in the last two years.

11.  Under 11 U.S.C.§362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

12.  The Debtor has no equity in the Premises and the Premises cannot be used as part of any re-organization plan as the lease has been deemed rejected by this Court in the immediately prior proceeding and terminated by the issuance of the warrant of eviction in the state court proceeding. Further, in the stipulation of dismissal of the immediately prior

proceeding the Debtor stated that the proceeding was being dismissed because it did not believe it could confirm a re-organization plan. How could it now confirm a plan when it owes the Owner even more money and does not have the benefit of the Premises to continue its business? The Debtor has stymied the Owner's ability to re-claim its property for long enough and should not be allowed to continue to do so.

13. In addition, Movant request that this Court waive the requirements of Rule 4001(a)(3) and that any order granting the requests take immediate effect.

WHEREFORE, I respectfully request that this Court grant the motion in its entirety, issue an Order modifying or vacating the automatic stay based upon 11 U.S.C. §362, waive the requirements of Rule $001(sa)(3) and that this Court grant Movant such other and further relief as this Court deems just and proper under the circumstances.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 28, 2019 at Williston Park, New York.

_____
JEREMY M. POLAND (4587)