UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In Re:                                                          Chapter 11
                                                                Case No.: 19-46432- cec
KUM GANG INC.,
                    Debtor.
---------------------------------------------------------------x

KUM GANG INC.,

                    Plaintiff-Debtor,        Adv. Pro. No. 19-_____

    -against-

KIT REALTY INC., DIANE MACARI,
FUNDPRO INC. and JERRY D. H. LI,

                  Defendants.
---------------------------------------------------------------x

**VERIFIED COMPLAINT SEEKING BREACH OF LEASE CONTRACT'S
RIGHT OF FIRST REFUSAL AND COVENANT OF GOOD FAITH AND FAIR
DEALING, AND FOR FRAUD**

Plaintiff-Debtor Kum Gang Inc., by and through its undersigned special litigation counsel, McCallion & Associates LLP, retained for purposes of this adversary proceeding, as and for its Verified Complaint ("the Complaint") hereing against Defendants Kity Realty Inc., Diane Macari, FundPro Inc., and Jerry D. H. Li, alleges as follows:

**PRELIMINARY STATEMENT**

Under the Lease Agreement that the Plaintiff-Debtor Kum Gang Inc. ("KGI") has with its landlord, Kit Realty Inc.("Kit Realty" or "the Landlord"), KGI has a Right of First Refusal "to purchase the premises upon the same terms and conditions as a 'Bona Fide' offer" by a purchaser of the subject property, located at 138-28 Northern Blvd, Flushing, Queens, New York 11354 ("the Premises" or "the Property"). Kit Realty violated the Lease by entering into a verbal contract with a purchaser for the property and premises, but declining, in bad faith, to actually

sign the contract of sale for the sole purpose of being able to falsely claim that it did not have a "bona fide" offer and that it, therefore, had no obligation to formally advise KGI of the offer and to give KGI the right to exercise its Right of First Refusal under the Lease.

In addition, defendant FundPro Inc. ("FundPro"), the agent for the bona fide purchaser of the property, and its president, defendant Jerry D. H. Li, not only aided and abetted and conspired with the Landlord to breach its obligation under the Lease to provide KGI with a right of first refusal, but it also breached its separate agreement with KGI to pay KGI the sum of $4 million for the sale of KGI's remaining leaserights in the Property under the Lease.

By this Verified Complaint, KGI seeks a judgment against the Defendants on account of the foregoing acts, omissions or issues so that the Debtor's bankruptcy estate is restore to where it would have been had such Lease Rights of First Refusal and contract rights regarding the sale of Debtor's remaining rights under the Lease not been denied and interfered with by Defendants.

## INTRODUCTION

1. On October 25, 2019, (the "Petition Date"), KGI filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2. KGI continues in possession of its property and management of its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor KGI is represented in the Chapter 11 proceeding by Bruce Bronson, Esq.

## BASIS FOR RELIEF

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502(d), 541, 542, 549 and 550, Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and common law claims for breach of contract, breach of the convenant of good faith and fair dealing, and for fraud.

## JURISDICTION

5. This adversary proceeding relates to the Chapter 11 bankruptcy case of In re Kum Gang Inc, Debtor, Case No. 19-464323- cec (Bankr. S.D.N.Y. October 25, 2019).

6. The Bankruptcy Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b). This Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7. Plaintiff-Debtor consents to the entry of final orders or judgment by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## PARTIES

9. Plaintiff KGI, the Debtor in the pending Chapter 11 proceedings, is a corporation formed and existing under the laws of the State of New York.

10. Defendant Kit Realty Inc. ("Kit Realty") is the owner of the building located at 138-28 Northern Blvd, Flushing, Queens, New York 11354 ("the Premises" or "the Property"), where Plaintiff KGI occupies the entire Premises. Upon information and belief, Kit Realty is a New York corporation.

11. Defendant Diane Macari is, upon information and belief, the principal officer and a shareholder of defendant Kit Realty.

12. Defendant FundPro Inc. ("FundPro") is, upon information and belief, a New Jersey corporation. Defendant Jerry D. H. Li is the President of FundPro.

## RELEVANT FACTS

13. Since July 2004, Plaintiff-Debtor KGI has operated the premises as a restaurant, a banquet hall and catering business, operating under the name of "Kum Gang San." The business operates on a 24/7 basis, and specializes in Korean cuisine.

14. Prior to commencing operations, KGI, on or about July 1, 2004, entered into a lease with the landlord, defendant Kit Realty for the premises located at 138-18/32 Northern Blvd., Flushing, Queens, New York. The lease was for a twenty (20) year term, and is due to expire on June 30, 2024. A copy of said Lease is attached as Exhibit 3 (Doc. 3-3 and 3-4) to the Landlord's motion papers, filed in the Chapter 11 proceedingson October 28, 2019.

15. Of particular relevance is paragraph 82 of the Rider to the Lease, entitled "Right of First Refusal," which provides, in relevant part:

> The Landlord agrees that in the event the premises are offered for sale and a "Bona Fide" offer acceptable to the Landlord is obtained to purcvhase the subject premises then the Landlord shall give the Tenant the opportunity to purchase the premises upon the same terms and conditions as the "Bona Fide" offer, In such event Tenant shall be given Ten (10) days to accept the terms from the date Landlord serves notice upon him. Should the Tenant accept the Terms of said offer the Landlord shall deliver a Contract, within Seven (7) days of such acceptance, to the Tenant, which contract will be prepared by the Attorney for the Landlord, and substantially similar to the terms of the "Bona Fide Offer".

A copy of the relevant page of the Lease containing paragraph 82 is attached hereto as **Exhibit A**.

16. For approximately the past two year period, plaintiff KGI was kept informed by Mirae Realty, the Landlord's broker, as to the Landlord's efforts to sell the Building and Propertywhere plaintiff- debtor's business is located. Approximately six months ago, the broker advised Ji Sung Yoo, the principal owner and officer of KGI, that the Landlord had reached an agreement with a buyer to sell the property for $52 million, but that the Landlord was delaying

4

the signing of a contract for the sale because the Landlord did not want to give the Debtor the "right of first refusal" under the lease to buy the property at the same price ($52 million) that the Landlord had agreed to sell it to the bona fide buyer.

17. At about the same time that the broker informed Ji Sung Yoo ("Mr. Yoo") of the Landlord's agreement to sell the property for $52 million, Mr. Yoo was approached by defendant Jerry D.H. Li, President of FUNDPRO Inc., and after some negotiations, Mr. Yoo agreed, on behalf of KGI, to sell the Debtor's lease rights to the buyer of the property for $4 million, with FUNDPRO to receive a 25% commission, leaving the Debtor with a net of $3 million ("the Agreement"). A copy of the Agreement, dated July 30, 2019, is attached hereto as **Exhibit B**.

18. Upon information and belief, the Landlord, defendant Kit Realty, has tortuously interfered with plaintiff-debtor's contractual rights under the Agreement by refusing to sign the contract of sale with the buyer of the property for the sole purpose of denying KGI its right to exercise its "right of first refusal" under the Lease, which would trigger its rights to receive the net $3 million in funds under the Agreement.

19. In addition to interfering with the Debtor's rights under the Agreement, the Landlord is also acting in bad faith by delaying the signing of the sales contract for the property and thereby triggering the Debtor's right of first refusal under the Lease. KGI has, upon information and belief, an agreement with a potential investor to provide the funding necessary to match the current $52 million sales price for the property that the Landlord has agreed to with the buyer, and the Debtor, plaintiff KGI, is prepared to exercise Debtor's right of first refusal.

20. Upon information and belief, defendants FundPro and Li have conspired with, and aided and abetted, defendants Kit Realty and Macari in their efforts to deprive plaintiff of its Right of First Refusal under the Lease agreement, and defendants FundPro and Li have also

failed to perform their obligations under the agreement dated July 30, 2019 to pay KGI a net payment of $3 million for its remaining lease rights.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – Against Defendants Kit Realty and Macari)

21. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint.

22. Plaintiff has had a valid Lease agreement with defendant Kit Realty for the lease of the Property, which contains a Right of First Refusal. See paragraph 82, attached hereto as Exhibit A.

23. Defendants Kit Realty and Macari have violated the contractual provisions of the Lease agreement by failing to give plaintiff KGI a Right of First Refusal to purchase the Property, even though they have already received a bona fide offer to purchase the Property, thus triggering plaintiff's Right of First Refusal.

24. Defendants breach of contract has caused Plaintiff to suffer direct damages in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing – Against defendants Kit Realty and Macari)

25. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint.

26. Each contract, including the Lease agreement relevant to this case, contains an implied covenant of good faith and fair dealing.

27. Defendants Kit Realty and Macari breached this implied covenant of good faith and fair dealing by failing to give plaintiff KGI a right to exercise its Right of First Refusal under its Lease Agreement.

28. As a direct result of said breach, plaintiff suffered damages in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### ( Conspiracy and Aiding and Abetting Breach of Contract – Against Defendants FundPro and Li)

29. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint.

30. Defendants FundPro and Li conspired with, and aided and abetted, defendants Kit Realty and Macari in their efforts to breach the Lease Agrement with plaintiff and to deny them their Right of First Refusal under said contract.

31. As a direct result thereof, plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### ( Breach of Contract – Against Defendants FundPro and Li)

32. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint.

33. Defendants FundPro and Li breached their Agrement dated July 20, 2019 to pay plaintiff a net amount of $3 million for the sale of its remaining Lease interest to SMI/DP Plus Property which, upon information and belief, was the purchaser of the Property who had already reached a bona fide good faith contract with Kit Realty to purchase the Property for $52 million, and had already agreed, upon information and belief, to the terms of the purchase of KGI's remaining leasehold interest in the Property for the net sum of $3 million.

34. As a direct result of said breach of contract, plaintiff has been damaged in an amount to be determined at trial.

7

## AS AND FOR A FIFTH CAUSE OF ACTION
### ( Fraud – Against All Defendants)

35. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint.

36. The defendants defrauded plaintiff by repeatedly misrepresenting to Ji Sung Yoo and other agents and representatives of KGI that there was no actual contract for the sale of the Property between Kit Realty and a third party bona fide purchaser, and that, therefore, by implication, plaintiff's did not have a right to exercise its Right of First Refusal under the paragraph 82 of the Lease Agreement and to collect the net $3 million under the Agreement with FundPro.

37. Plaintiff relied to its detriment on said fraudulent representations by defendants.

38. As a direct result, plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### ( Unjust Enrichment – Against All Defendants)

39. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint.

40. As a result of said breaches of contract and fraud, defendants have been unjustly enriched in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully demands a judgment against defendants on all six causes of action in amounts to be determined at trial, reimbursement of attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 18, 2019

                            McCALLION & ASSOCIATES LLP

                            */s/ Kenneth F. McCallion*

                            _____
                            By: Kenneth F. McCallion
                            100 Park Avenue – 16th floor
                            New York, New York 10017
                            (646) 366-0884

                            Special Litigation Counsel for Plaintiff-Debtor
                            Kum Gang Inc.

## VERIFICATION

JI SUNG YOO, affirms as follows under penalties of perjury:

1. I am the principal owner and officer of Debtor Kum Gang Inc. in this action and am fully familiar with the facts and circumstances of this case.

2. I have read the foregoing Complaint and find the contents to be true and correct, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true and correct.

Dated: Queens, New York
         November 18, 2019

_____
JI SUNG YOO